246 So.2d 476

**Fancher Ledell LANIER**

v.

**STATE.**

**6 Div. 105.**

Court of Criminal Appeals of Alabama.

March 2, 1971.

Rehearing Denied March 23, 1971.

Josh Mullins, Birmingham, for appellant.

MacDonald Gallion, Atty. Gen., and Walter S. Turner, Asst. Atty. Gen., for the State.

PRICE, Presiding Judge.

Appellant Fancher Ledell Lanier was indicted, tried and convicted in the Circuit Court of Jefferson County for the crime of robbery. He was sentenced to serve a term of ten years in the state penitentiary. From this conviction he appeals.

The victim, Milton Nash, testified that on Friday night, April 18, 1969, seven Negro males attacked him behind the Immaculata High School in Birmingham, Alabama, and forced him to remove his pants, shirt and shoes. In addition to taking his clothing the men took a five dollar bill from his billfold. A bright light hanging from the top of the building enabled him to see clearly the faces of the men, each of whom was holding a knife. The defendant threatened to kill him if he didn't give him the clothes.

The defendant and his witnesses introduced evidence tending to establish an alibi.

The appellant contends that it was error to deny his motion to suppress Milton Nash's courtroom identification of appellant, because such identification was tainted by a prior unconstitutional lineup.

The lineup was conducted by the Birmingham police at the city jail at 6:20 P.M., on April 23, 1969. At the voir dire hearing on the motion to suppress Detective Vance testified there were six men in the lineup and the victim identified two, the defendant and another. At no time prior to or during the lineup were the numbers two and five mentioned to the victim. This witness testified that before the lineup he advised the defendant of his right to have an attorney present; that if he could not afford a lawyer one would be furnished for him; that he had the right to have an attorney before the police talked to him and that he would not have to take part in the lineup without having a lawyer present; that the lineup identification could be used against him in court. In addition Detective Vance read aloud to the defendant a written waiver of his right to counsel and then handed the form to appellant. Appellant read the waiver silently and then signed it. The waiver of counsel appears in the record.

Defendant admitted signing the waiver of counsel at the lineup, but contended it

was not an intelligent waiver because the police officers who picked him up told him he was going to a lineup about a robbery at Angelo's store; that Angelo's store was in his neighborhood and he traded there and Mr. Angelo knew him. He was not told he was charged with robbing Milton Nash. But he stated the detectives at the city jail did not mention anything to him about the Angelo robbery. There were six Negro males in the lineup. Defendant was number two and Anthony Oliver was number five. During the lineup it sounded like someone called out numbers two and five.

Detective Vance testified he told defendant the charge against him was robbery, but he did not mention the name of the victim and did not recall hearing the Angelo robbery discussed in defendant's presence.

Detective Whitehouse testified defendant was told the charge against him was robbery. In response to the question, "Did you tell him that it was for the purpose of having a lineup pertaining to the robbery of Milton Nash?" The witness answered, "I think so, yes, sir." He denied that defendant was told the lineup was being held in connection with the robbery of a grocery store in Ensley.

Milton Nash, the victim, testified he was told "to pick the two that took your clothes" and he picked numbers five and two but these numbers were not pointed out or suggested to him by anybody.

He stated he had seen the defendant numerous times before the robbery and that he could see him plainly at the time of the robbery.

We have carefully considered the entire record and we conclude that the judgment is due to be affirmed.

Affirmed.